IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA, :

    Plaintiff,

v. :   Case No. 3:14-cr-165

LOLA HOLLON,   JUDGE WALTER H. RICE

    Defendant. :

---

DECISION AND ENTRY VACATING NOVEMBER 13, 2014, JUDGMENT IN PART, DOC. #9 IN CASE NO. 3:14-po-026; REMANDING TO UNITED STATES MAGISTRATE JUDGE FOR ENTRY OF AMENDED JUDGMENT; TERMINATION ENTRY

---

Pursuant to 18 U.S.C. § 3402, Defendant Lola Hollon appeals a portion of the sentence imposed on November 13, 2014, by United States Magistrate Judge Michael R. Merz, in *United States v. Hollon*, Case No. 3:14-po-026.

On July 30, 2014, Hollon pleaded guilty to Driving Under the Influence, in violation of Ohio Revised Code § 4511.19(A)(1)(a), as assimilated by 18 U.S.C. §§ 7 & 13. Magistrate Judge Merz sentenced Hollon to one year of probation, fined her $375.00, and ordered her to participate in a driver's intervention program. In addition, he suspended her driver's license for a period of six months. Doc. #9, PageID##21-25, in Case No. 3:14-po-026. Hollon has appealed only the six-month driver's license suspension. The Court agreed to stay execution of this portion of the sentence pending resolution of the appeal.

The criminal offense at issue occurred on federal property, at Wright-Patterson Air Force Base.  Under most circumstances, driving under the influence of drugs or alcohol is not a federal crime.  Nevertheless, it is punishable through the Assimilated Crimes Act ("ACA"), 18 U.S.C. § 13, which adopts state criminal laws for crimes committed on federal property, if the crime is not otherwise punishable under federal law.  The ACA provides as follows:

> Whoever within or upon any of the places now existing or hereafter reserved or acquired as provided in section 7 of this title, or on, above, or below any portion of the territorial sea of the United States not within the jurisdiction of any State, Commonwealth, territory, possession, or district is guilty of any act or omission which, although not made punishable by any enactment of Congress, would be punishable if committed or omitted within the jurisdiction of the State, Territory, Possession, or District in which such place is situated, by the laws thereof in force at the time of such act or omission, shall be guilty of a like offense and subject to a like punishment.

18 U.S.C. § 13(a).

Ms. Hollon pleaded guilty to violating Ohio Revised Code § 4511.19 (A)(1)(a), which prohibits a person from operating a vehicle within the state if, at the time of operation, "[t]he person is under the influence of alcohol, a drug of abuse, or a combination of them."  Under the ACA, she is therefore subject to the same punishment that would have been imposed under state law.  Given that Hollon had not been convicted of a similar offense within the previous six years, Magistrate Judge Merz was required to sentence her in accordance with Ohio Revised Code § 4511.19(G)(1)(a).  He therefore sentenced Hollon to one year of

2

probation, ordered her to participate in a three-day driver's intervention program, and ordered her to pay a $375.00 fine. Pursuant to Ohio Revised Code § 4511.19(G)(1)(a)(iv), he also suspended her driver's license for a period of six months.

On appeal, Hollon challenges only the scope of the six-month driver's license suspension. She acknowledges that, under the ACA, Magistrate Judge Merz could suspend her right to operate a motor vehicle on *federal property* for a period of six months. She argues, however, that, as a federal judge, he has no authority to impose a blanket, *state-wide* driver's license suspension for *any* period of time. For the following reasons, the Court agrees with Hollon.

With respect to convictions for driving under the influence of drugs or alcohol, the ACA provides as follows:

> Subject to paragraph (2) and for purposes of subsection (a) of this section, that which may or shall be imposed through judicial or administrative action under the law of a State, territory, possession, or district, for a conviction for operating a motor vehicle under the influence of a drug or alcohol, shall be considered to be a punishment provided by that law. **Any limitation on the right or privilege to operate a motor vehicle imposed under this subsection shall apply only to the special maritime and territorial jurisdiction of the United States.**

18 U.S.C. § 13(b)(1) (emphasis added).

As the Ninth Circuit explained in *United States v. Snyder*, 852 F.2d 471 (9th Cir. 1988), direct suspension of state driver's licenses by a federal court "would violate fundamental principles of federalism." *Id.* at 474 (citing *United States v.*

3

*Best*, 573 F.2d 1095, 1102 (9th Cir. 1978), *abrogated in part as recognized in Mack v. United States*, 66 F.3d 1025, 1032 (9th Cir. 1995)).

> Drivers' licenses are issued pursuant to the states' police powers, and the federal government has no constitutional authority to interfere with a state's exercise of its police power except to the extent the state's action intrudes on any of the spheres in which the federal government itself enjoys the power to regulate. Since no legitimate federal interest is implicated by a state-granted license to drive in areas not subject to the federal government's police power, federal courts are constitutionally barred from unilaterally ordering suspensions of state drivers' licenses.

*Id.* at 475.

*Snyder* and *Best* were both decided prior to November 18, 1988, the date the ACA was amended to include 18 U.S.C. §13(b)(1). Nevertheless, the federalism concerns cited by the Ninth Circuit in these cases were no doubt a motivating factor in Congress's decision to limit the sentencing authority of federal courts with respect to the curtailment of driving privileges.

In *United States v. Knott*, 722 F. Supp. 1365 (E.D. Va. 1989), the court noted that, "[t]he authority of federal courts derives not from the laws of the several states, but from the Constitution through the acts of Congress." *Id.* at 1367. Therefore, "[a]bsent Congressional authorization," a state "cannot empower federal courts or federal magistrates to revoke driving privileges within its boundaries." *Id.*

In *Knott*, the defendant was convicted of driving while intoxicated, in an area under the control of the National Park Service. National Park Service regulations, 36 C.F.R. § 4.23(a), specifically prohibit this conduct. Therefore,

4

because there was no "gap" in federal criminal law, the defendant was not charged under the ACA, and state punishments could not be assimilated under 18 U.S.C. § 13(b)(1).

In sentencing Knott, the federal magistrate judge nevertheless relied on a Virginia statute in revoking Knott's driver's license. On appeal, the district court judge found that, in doing so, the magistrate judge had "exceeded the limits of his authority," expanding "the permissible punishment beyond that allowed by federal law." 722 F. Supp. at 1367. The court rejected the government's reliance on the ACA, but noted in dicta that, even if the ACA applied, "Section 13(b) clearly limits the license revocation authority to the confines of the federal enclave. The Magistrate's sentence was not so limited. For this reason alone, reversal would have been required." *Id.* at 1368.

In a similar vein, the Seventh Circuit vacated a sentence imposed by a federal district court after the defendant pleaded guilty to operating a vehicle on federal land while intoxicated, in violation of a Wisconsin statute, as assimilated by the ACA. *United States v. Williams*, 552 F.3d 592 (7th Cir. 2009). The court sentenced the defendant, a repeat offender, to eighteen months in prison, and revoked his driving privileges for a period of three years. Because it was not clear whether the district court understood that revocation to be limited to federal enclaves, as required by 18 U.S.C. § 13(b)(1), the Seventh Circuit vacated that portion of the sentence and remanded the case for the limited purpose of

5

correcting the judgment to reflect that the license revocation conformed to the ACA. *Id.* at 594.

The Government, in the instant case, nevertheless argues that Hollon's sentence was proper, because the Ohio legislature has given federal judges the authority to impose state-wide license suspensions. The Government relies on Ohio Revised Code § 4510.031, a statute cited by Magistrate Judge Merz during a November 21, 2014, conference call, held before this appeal was filed.[1] Section 4510.031, however, grants no such authority to federal judges. Ohio Revised Code § 4510.03 requires Ohio courts to notify the Bureau of Motor Vehicles each time a person is convicted of driving under the influence of drugs or alcohol, and prescribes the appropriate procedures for doing do. Ohio Revised Code § 4510.031 simply states that United States district courts with jurisdiction within the State of Ohio may use these same procedures to notify the Bureau of Motor Vehicles when a person is convicted of driving under the influence of drugs or alcohol on federal property within the state.

For some unexplained reason, neither party cites to Ohio Revised Code § 4510.06, which appears to be much more closely related to the question of a federal court's authority to issue state-wide license suspensions. That statute provides as follows:

> If a United States district court whose jurisdiction lies within this state suspends or cancels the driver's or commercial driver's license,

---

[1] The Government attached the transcript of this conference call as an exhibit to its appellate brief. Doc. #5.

>permit, or nonresident operating privileges of any person pursuant to the "Assimilative Crimes Act," 102 Stat. 4381 (1988), 18 U.S.C.A. 13, as amended, <u>that suspension or cancellation is deemed to have the same effect throughout this state as if it were imposed under the laws of this state.</u> In that type of case, if the United States district court observes the procedures prescribed by the Revised Code and utilizes the forms prescribed by the registrar of motor vehicles, the bureau of motor vehicles shall make the appropriate notation or record and shall take any other action that is prescribed or permitted by the Revised Code.

Ohio Revised Code § 4510.06 (emphasis added).

Notably, this statute does <u>not</u> give the federal courts authority to directly impose a state-wide license suspension. Nor could it. As explained above, the Ohio legislature cannot empower the federal courts to impose any such state-wide suspension. It is "axiomatic that . . . federal district courts[] may not impose a punishment beyond that permitted by the applicable federal statute." *Knott*, 722 F. Supp. at 1367. In this case, the applicable federal statute is the ACA, which specifically restricts the scope of any license suspension: "Any limitation on the right or privilege to operate a motor vehicle imposed under this subsection shall apply only to the special maritime and territorial jurisdiction of the United States." 18 U.S.C. § 13(b)(1).

Ohio Revised Code § 4510.06 <u>does</u> provide that, when a federal district court suspends or cancels a defendant's driver's license pursuant to the ACA, "that suspension or cancellation is deemed to have the same effect throughout this state as if it were imposed under the laws of this state." Certainly, the State of Ohio may choose to treat a federal district court's *limited* license suspension as a

7

*state-wide* license suspension. But, as explained above, the State of Ohio has absolutely no authority to empower a federal district court to *directly* issue a state-wide license suspension, particularly in light of the restrictions contained in 18 U.S.C. § 13(b)(1).

The end result in this case is undoubtedly the same. Regardless of the scope of the suspension imposed by the federal court, the operation of Ohio Revised Code § 4510.06 results in Ms. Hollon's driving privileges being suspended throughout the State of Ohio for a period of six months.

Nevertheless, Hollon is correct that Magistrate Judge Merz lacked authority to directly impose a state-wide suspension of her driver's license. Accordingly, the Court VACATES the sentence to the extent that it suspended Hollon's driving privileges state-wide for a period of six months, and REMANDS the case to Magistrate Judge Merz for entry of an Amended Judgment, reflecting that the license suspension is limited "to the special maritime and territorial jurisdiction of the United States" in accordance with 18 U.S.C. § 13(b)(1).

The captioned case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: July 20, 2015

/s/ Walter H. Rice
WALTER H. RICE
UNITED STATES DISTRICT JUDGE